RECEIVED
SEP 3 0 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JEROLENE ETHEL KAY COOPER-McCLINTOCK, et al. | CIVIL ACTION NO. 11-1934 |
| | JUDGE DRELL |
| -vs- | |
| | MAGISTRATE JUDGE KIRK |
| THE UNITED STATES OF AMERICA | |

RULING

Currently before the Court is Plaintiffs' Motion for Summary Judgment, filed as a corrective document. (Doc. 84). In this motion, Plaintiffs Jerolene Ethel Kay Cooper-McClintock et al. request judgment as a matter of law on Defendant United States of America's liability for their wrongful death and survival action claims arising out of the death of Don Arch Cooper. (See Doc. 84).

We have considered the filings and evidence in the record and the parties' arguments contained in their briefs and are prepared to rule on the pending motion. For the reasons detailed below, Plaintiffs' Motion for Summary Judgment will be **DENIED**.

I.  Background

This case arises out of Don Arch Cooper's death at the Veterans Affairs Medical Center (VAMC) in Pineville, Louisiana. The facts are discussed in detail in a prior ruling by the court (Doc. 54), so for the sake of judicial economy they will not be reiterated here.

II. <u>Law & Analysis</u>

A. <u>Summary Judgment Standard</u>

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). We consider "all evidence in the light most favorable to the party resisting the motion." <u>Seacor Holdings, Inc. v. Commonwealth Ins. Co.</u>, 635 F.3d 675, 680 (5th Cir. 2011)(internal quotation marks omitted). It is important to note that the standard for a summary judgment is two-fold: (1) there is no genuine dispute as to any material fact, *and* (2) the movant is entitled to judgment as a matter of law.

B. Wrongful Death & Survival Action Claims

The Louisiana Supreme Court has clarified that "the survival action and the wrongful death action are two different causes of action that arise at different times." <u>Walls v. Am. Optical Corp.</u>, 740 So. 2d 1262, 1273 (La. 1999). The survival action "compensates for the damages suffered by the victim from the time of injury to the moment of his death," while the wrongful death action "compensates the beneficiaries for their own injuries which they suffer from the moment of the victim's death and thereafter." <u>Warren v. La. Med. Mut. Ins. Co.</u>, 21 So. 3d 186, 188 (La. 2008). Therefore, Plaintiffs seek recovery for two distinct causes of action arising out of the death of Don Arch Cooper.

2

In order to recover for negligent wrongful death, the persons entitled to sue for this cause of action must prove that a defendant (1) had a duty to observe a certain standard of care, (2) breached this duty by not observing this standard of care, (3) the breach was a cause-in-fact of the decedent's death, and (4) the harm that occurred was the type of harm the defendant's legal duty was designed to prevent. Boyer v. Johnson, 360 So. 2d 1164, 1166 (La. 1978). Similarly, the survival action "comes into existence simultaneously with the existence of the tort and is transmitted to beneficiaries upon the victim's death," and thus the same elements of negligence listed above must be proved regarding the survival action in order for Plaintiffs to recover damages for that claim. See Taylor v. Giddens, 618 So. 2d 834, 840 (La. 1993).

*1. Duty*

"Duty is a question of law." Faucheaux v. Terrebonne Consol. Gov't., 615 So. 2d 289, 292 (La. 1993). Although there is some ambiguity as to whether Plaintiffs' cause of action is one for medical malpractice or general negligence (See Doc. 96), we find that a duty existed regardless.

In a medical malpractice action, a plaintiff must prove "the standard of care applicable to the physician, a violation of that standard of care by the physician, and a causal connection between the physician's alleged negligence and the plaintiff's resulting injuries." Johnson v. Morehouse Gen. Hosp., 63 So. 3d 87, 96 (La. 2011). Thus, duty in a malpractice action refers to a physician or other health-care provider's responsibility to conform to the relevant standard of care. The physicians and nurses at

3

the Veterans Affairs Medical Center in Pineville had a duty to conform to the standard of care ordinarily exercised by physicians practicing in Louisiana or within their area of speciality. See La. R.S. 9:2794.

Additionally, if Plaintiffs' claims sound in general negligence, the physicians at the VAMC had a duty "apparent to reason and common sense, to avoid acts and omissions which engender an unreasonable risk of harm to others." Stephens v. State through Dept. of Transp. & Dev., 440 So. 2d 920, 925 (La. App. 2 Cir. 1983). And specifically, hospitals are "bound to exercise the requisite amount of care toward a patient that the particular patient's condition may require." Hunt v. Bogalusa Cmty. Med. Ctr., 303 So. 2d 745 (La. 1974). Therefore, regardless of the specific form of negligence that Plaintifs' claim takes, Defendant owed a duty to them.

### 2.  Breach

Breach of a duty is a question of fact. Mundy v. Dept. of Health & Human Res., 620 So. 2d 811, 813 (La. 1993). The breach factor of the medical malpractice analysis generally must be proved by expert testimony as to the relevant standard of care and whether a specific health-care provider failed to conform to this standard. Samaha v. Rau, 977 So. 2d 880, 884 (La. 2008) (citations omitted). However, if a breach is so obvious that "a lay jury can perceive negligence in the charged physician's conduct as well as any expert can," or "the defendant/physician testifies as to the standard of care and there is objective evidence, including the testimony of the defendant/physician, which

demonstrates a breach thereof," then expert testimony is not required to establish medical malpractice. Pfiffner v. Correa, 643 So. 2d 1228, 1234 (La. 1994).

Based on the evidence presented by each party, we find there is still a genuine issue of material fact as to whether Defendant breached a duty to Plaintiffs, or more pointedly to the deceased. Plaintiffs have not introduced any expert reports or objective evidence that would make it impossible for a jury to find for Defendant on the issue of if it breached the duty it owed, whether that duty was to conform to the relevant standard of care in a medical malpractice action or generally to avoid causing an unreasonable risk of harm to others. Additionally, Defendant has submitted evidence in the form of reviews of VAMC physicians' medical treatment (Docs. 66-5, 66-6) that show there remains an issue of material fact as to whether their actions were a breach of any duty. It is obvious that testimony will be required as to all the circumstances of the "Do Not Resuscitate" order (DNR) and its actual status at the time. No one has explained the hospital's procedures for docketing DNRs and their amendment. In short, none of the evidence explains how this all happened. The answer to that question will likely determine the fate of the liability claims.

### 3. *Remaining Elements of the Duty/Risk Negligence Analysis*

Because we find that there exists a genuine dispute of material fact as to whether Defendant breached its duty to Plaintiffs, we need not discuss the remaining factors in the negligence analysis.

5

III.   **Conclusion**

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment will be **DENIED**.

SIGNED on this 30th day of September, 2014 at Alexandria, Louisiana.

                                    DEE D. DRELL, CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT