UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROLENE ETHEL KAY COOPER-MCCLINTOCK, et al. | CIVIL ACTION NO. 1:11-CV-01934 |
| VERSUS | JUDGE DRELL |
| UNITED STATES OF AMERICA | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

I. Background

Before the Court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, on June 27, 2011 and amended on March 26, 2012 (Doc. 28) and February 3, 2014 (Doc. 76), by Plaintiffs Jerolene Ethel Kay Cooper-McClintock ("Cooper-McClintock"), Jay S. Cooper, Jon Allan Cooper, Sarita Kay Cooper-Covarrubias, Sergio Alberto Cooper, and Joseph B. Cooper, all on behalf of Don Arch Cooper ("DAC"), who is deceased.[1]  Plaintiffs live in Texas and Kansas. Plaintiffs contend that DAC, a veteran, was hospitalized in the Veterans Administration Medical Center ("VAMC") in Pineville, Louisiana from February 4-19, 2005, and that he died there on February 19, 2005.  Plaintiffs allege a survival action for the wrongful withholding of medication, nutrition, and fluids from DAC by VAMC employees, and for the wrongful death of DAC.  Plaintiffs seek monetary damages (including punitive damages) and attorney's fees.

---

[1] This action was originally filed in the Northern District of Texas, and was transferred to the Western District of Louisiana on November 4, 2011 (Doc. 15).

Plaintiffs allege the VAMC is claiming DAC executed a DNR (Do Not Resuscitate) or advanced directive on October 1, 2003, when he was under psychiatric care. Thereafter, DAC denied having an advanced directive. Plaintiffs allege that VAMC employees did not give DAC his medication for schizophrenia, Parkinson's disease, and pneumonia; food and water were withheld; and a feeding tube was not utilized until DAC passed away on February 19, 2005.

The United States answered the complaints (Docs. 5, 29, 86). The United States filed a motion for summary judgment for failure to name an expert in their medical malpractice action (Doc. 33), which was denied as premature (Docs. 54, 55). The United States filed a second motion for summary judgment on the same ground (Doc. 66), and Plaintiffs filed a cross-motion for summary judgment (Doc. 84). Both motions were denied, and the District Judge found this is not a medical malpractice action (Docs. 96, 97, 98, 99). The United States then filed a motion to dismiss (Doc. 115) for lack of prosecution, which was also denied (Doc. 141).

The United States next filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 145). Plaintiffs opposed the motion (Doc. 148), and Defendants filed a reply (Doc. 149). The motion to dismiss was referred to the undersigned for report and recommendation (Doc. 148).

II.    <u>Law and Analysis</u>

    A.    <u>Standards Governing Motion to Dismiss</u>

Lack of subject matter jurisdiction may be found on any one of the following bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. See <u>Robinson v. TCI/US West Communications, Inc.</u>, 117 F.3d 900 (5th Cir. 1997). Where subject matter jurisdiction is being challenged, the trial court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case. No presumptive truthfulness attaches to the plaintiff's allegations. <u>Montez v. Dep't of Navy</u>, 392 F.3d 147, 149 (5th Cir. 2004).

    B.    <u>United States Liability Under the Federal Tort Claims Act</u>

The FTCA waives the United States's sovereign immunity for the torts of federal employees by granting the federal district courts jurisdiction over suits for damages "caused by the negligent or wrongful act or omission of any employee of the Government. . . ." The FTCA also limits the United States's liability in certain respects. See <u>Aretz v. U.S.</u>, 604 F.2d 417, 426 (5th Cir. 1979), on rehearing, 635 F.2d 485 (5th Cir. 1981).

Under the FTCA, Congress has granted consent for the government to be sued for acts committed by an employee of the government while acting within the scope of his office or employment. <u>See</u> 28 U.S.C. § 1346(b); <u>see also</u> <u>Longino v. U.S. Dept. of Agric.</u>, 912 F.Supp.2d 424, 429 (W.D. La. 2012) (citing <u>Linkous v. United States</u>,

142 F.3d 271, 275 (5th Cir. 1998)). Under the FTCA, the Government may be liable if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. See Longino, 912 F.Supp.2d at 429 (citing United States v. Olson, 546 U.S. 43, 44 (2005)); see also 28 U.S.C. §§ 1346(b)(1), 2674. Several exceptions limit the waiver of sovereign immunity. See 28 U.S.C. § 2680; Gibson v. U.S., 809 F.3d 807, 811 (5th Cir. 2016). One such exception states the United States cannot be held vicariously liable for the negligent acts of independent contractors. See Lathers v. Penguin Industries, Inc., 687 F.2d 69, 72 (5th Cir. 1982); see also 28 U.S.C. § 2671.

Defendant contends the "independent contractor exception" applies and Plaintiffs' action should be dismissed for lack of subject matter jurisdiction.

### C. Independent Contractor Exception to Liability Under the FTCA Does Not Shield the United States in This Case

The United States argues it is not liable for any acts or omissions of Dr. Guerra and Dr. Hassan, DAC's treating doctors in February 2005, because they are independent contractor physicians employed by the VAMC.

Under the FTCA, the government waived immunity and agreed to be sued (under a theory of vicarious liability) for acts committed by an employee of the government while acting within the scope of his office or employment. See 28 U.S.C. § 1346(b). Independent contractors (and their employees) who are employed by agencies of the United States are excluded from the Government's waiver of immunity under the FTCA as follows: the FTCA applies only to negligent acts or omissions by an employee of the United States, see 28 U.S.C. § 1346(b); an employee

4

of the United States includes officers or employees of any federal agency, see 28 U.S.C. § 2671; and the term "federal agency" does not include any contractor employed by the United States, see id.  See also Logue v. U.S., 412 U.S. 521, 532-32 (1973); Lathers, 687 F.2d at 72; Robbins v. Computer Sciences Corp., 486 F.Supp.2d 581, 585 (S.D. Miss. 2007).

The application of the independent contractor exclusion shields the United States from tort liability arising from the performance of duties that were reasonably delegated to a contractor.  See Berkman v. U.S., 957 F.2d 108, 113 (4th Cir. 1992) (citing McKay v. United States, 703 F.2d 464, 472 (10th Cir. 1983)); see also Washington v. U.S. Dept. of Housing and Urban Dev., 1997 WL 21389 (N.D.Tex. 1997).  However, the fact that an independent contractor may have been responsible for tortious conduct does not relieve the United States from liability where federal employees *also* may have caused or contributed to the alleged tort.  See Berkman, 957 F.2d at 114.  For instance, VAMC nurses are considered employees under the control of the VAMC staff.  See Vanhoy v. U.S., 2006 WL 3093646, *8 (E.D. La. 2006), aff'd, 514 F.3d 447 (5th Cir. 2008).

Plaintiffs name the following VAMC employees who were involved in DAC's care in February 2005: Dr. Horacio P. Guerra, M.D./MPH, Vicki Tate, Dr. Shivani Negi, Takesha Bonier, RN Kathryn A. Carter, Dr. Hesham Hassan,[2] RN Giles, Craig Estle, Clinical Dietician Lorraine G. Staats, RN Jonathan M. Ponthieu, RN Kenneth Drane, RN Scott Riche, RN Mary M. Brinkerhoff, Joan E. Cheek, Dr. Rodriquez, LPN

---

[2] There is some confusion as to this name.  In the brief and attached affidavit (Doc 145), defense counsel refers to him as Dr. Hesham Hassan, Dr. Hassan Hesham, and Dr. Hassan Hasham.

Patricia A. Hicks, RN Wanda C. Price, Dr. Scott Gremillion, Chaplain Wigginton, LPN Janice A. Giles, Dr. David C. Daniel, Ph.D., RN Jimmy W. Melder, Dr. Sarwan S. Parmar, and Helen G. Briggs.

Plaintiffs allege that several persons employed by the VAMC were involved in DAC's alleged wrongful death, rather than just two physicians. Therefore, regardless of whether Dr. Guerra and Dr. Hassan are independent contractors, it is clear this Court has subject matter jurisdiction.

Although the United States asks to have "any and all claims against it based upon the alleged negligence of Drs. Hassan and Guerra," Plaintiffs' claims are not severable in that fashion. Plaintiffs have alleged a set of circumstances that resulted in the death of DAC. The precise roles played by each named employee are not clear and may never be. There are no specific claims made against only Dr. Hassan and Dr. Guerra that can be dismissed individually, and the United States has not pointed to any. Therefore, this Court has subject matter jurisdiction over this action in its entirety.

Since the independent contractor exception does not shield the United States from liability in this case, the United States's motion to dismiss for lack of subject matter jurisdiction (Doc. 145) should be denied.

### III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that the United States's motion to dismiss (Doc. 145) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 2(b), parties aggrieved by this recommendation have **fourteen (14)** days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14)** days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>8th</u> day of September 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge